UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SCANTLAND, et al.,

    Plaintiffs,

v().                                          CASE NO. 8:09-CV-1985-T-17TBM

JEFFRY KNIGHT, INC. d/b/a KNIGHT
ENTERPRISES, INC., et al.,

    Defendants.

_____/

SEAN TUROW, et al.,

    Plaintiffs,

v.                                          CASE NO. 8:12-CV-1058-T-17TBM

JEFFRY KNIGHT, INC., d/b/a KNIGHT
ENTERPRISES,

    Defendant.

_____/

JOHN HUERTA, et al.,

    Plaintiffs,

v.                                          CASE NO. 8:14-CV-1624-T-17TBM

JEFFRY KNIGHT, INC., et al.,

_____/

Case No. 8:09-CV-1985-T-17TBM
Case No. 8:12-CV-1058-T-17TBM
Case No. 8:14-CV-1624-T-17TBM

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 247 | Stipulation for Dismissal of 29 Opt-In Plaintiffs |
| Dkt. 248 | Stipulation for Dismissal of Four Plaintiffs |
| Dkt. 249 | Motion for Settlement Approval of FLSA Collective Action Settlement |

Plaintiffs move for approval of the proposed settlement (Dkt. 249-1) pursuant to 29 U.S.C. Sec. 216(b). The above three cases have been consolidated. This case is a collective FLSA action.

In Case No. 8:09-CV-1985-T-17TBM, the Second Amended Complaint (Dkt. 39) includes two FLSA claims, Count I, Failure to Pay Overtime, and Count II, Failure to Pay Minimum Wage. The Court granted conditional certification (Dkt. 104), and notice was sent to potential plaintiffs to advise them of their right to opt-in. The Court notes that some opt-in Plaintiffs have asserted retaliation claims. The proposed Settlement Agreement resolves all pending claims in the consolidated cases. There are twelve named Plaintiffs, and 154 opt-in Plaintiffs in total.

The Parties have submitted a proposed Settlement Agreement that constitutes a compromise of Plaintiffs' claims. The Settlement Agreement includes full and adequate disclosure of the terms of settlement; in the Motion, Plaintiffs outline the factors and reasons considered in reaching the settlement, and justifying the compromise of Plaintiff's claims. Plaintiffs represent that the attorney's fee was agreed upon separately, and without regard to the amounts paid to Plaintiffs.

Case No. 8:09-CV-1985-T-17TBM
Case No. 8:12-CV-1058-T-17TBM
Case No. 8:14-CV-1624-T-17TBM

After consideration, the Court finds that the proposed settlement of the FLSA claims is an adequate, reasonable resolution of a bona fide dispute. The rights of the Parties to the Settlement Agreement are adequately protected by it, given that the Settlement Agreement is the result of contested litigation and arm's length negotiation. In light of the uncertain legal and factual issues involved, the Parties engaged in multiple mediation conferences with an experienced mediator. During the litigation and mediation, Plaintiffs and Defendants were both represented by counsel. The Court grants the Motion for Approval of FLSA Collective Action Settlement, finding that the terms of the Settlement Agreement reflect that it is a fair and reasonable compromise of the controversies involved in this case, and comports with the policies underlying the FLSA. Accordingly, it is

**ORDERED** that the Motion for Approval of FLSA Collective Action Settlement (Dkt. 249) is **granted**. The claims of the 166 named and opt-in Plaintiffs are **dismissed with prejudice**. It is further

**ORDERED** that the claims of the Plaintiffs and Opt-In Plaintiffs identified in the Stipulations for Dismissal (Dkts. 247, 248) are **dismissed with prejudice**. The Clerk of Court **shall close** this case.

Case No. 8:09-CV-1985-T-17TBM
Case No. 8:12-CV-1058-T-17TBM
Case No. 8:14-CV-1624-T-17TBM

**DONE and ORDERED** in Chambers in Tampa, Florida on this 17th day of September, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record